IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR New Castle _____ COUNTY

STATE OF DELAWARE　　＊
　　　　　　　　　　　　＊
　　　　v.　　　　　　　＊　　0002019767
　　　　　　　　　　　　＊　No. 0002019743
Gerron Maurice Lindsey　＊
Name of Movant on Indictment　＊　IN 00-08-2081 R2
　　　　　　　　　　　　＊
Gerron Maurice Lindsey　＊
Correct full name of Movant　＊
　　　　　　　　　　　　＊

FILED PROTHONOTARY 2003 DEC -9 PM 3:50

## MOTION FOR POSTCONVICTION RELIEF

### INSTRUCTIONS

(1)   This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury.

(2)   All grounds for relief and supporting facts must be included, and all questions must be answered briefly in the proper space on the form.

(3)   Additional pages are not permitted. If more room is needed, use the reverse side of the sheet.

(4)   No citation of authorities is required. If legal arguments are submitted, this should be done in a separate memorandum.

(5)   Only convictions that were included in the same plea agreement or were tried together may be challenged in a single motion.

(6)   When the motion is completed, the original must be mailed to the Prothonotary in the county in which the judgment of conviction was entered. No fee is required.

(7)   The motion will be accepted if it conforms to these instructions. Otherwise, it will be returned with a notation as to the deficiency.

### MOTION

1.   County in which you were convicted   New Castle

2.   Judge who imposed sentence   Alford Haile L.

3.   Date sentence was imposed   June 27, 2002

4. Offense(s) for which you were sentenced and length of sentence(s):
   Murder 1st
   Natural Life

5. Do you have any sentence(s) to serve other than the sentence(s) imposed because of the judgment(s) under attack in this motion?  YES ____  NO ✓
   If your answer is "yes" give the following information:
   Name and location of court(s) which imposed the other sentence(s).

   Date sentence(s) imposed: _____
   Length of sentence(s): _____

6. What was the basis for the judgment/s of conviction? (check one)
   (X) Plea of guilty
   ( ) Plea of guilty without admission of guilty (Robinson Plea)
   ( ) Plea of nolo contendere
   ( ) Verdict of jury
   ( ) Finding of judge (nonjury trial)

7. Judge who accepted plea or presided at trial  Alford Haile

8. Did you take the witness stand and testify? (check one)
   No trial ( )   Yes ( )   No ( )

9. Did you appeal from the judgment of conviction?  YES ____  NO ____  No Trial
   If your answer is "yes" give the following information:
   Case number of appeal  531, 2002
   Date of court's final order or opinion  5-14-2003

10. Other than a direct appeal from the judgment(s) of conviction, have you filed any other motion/s or petitions/s seeking relief from the judgment/s in state or federal court?  Yes (x)  No ( )  How many? ( 1 )
    If your answer is "yes", give the following information as to each:
    Nature of proceeding/s  Denied

    Grounds raised  ① Defendant was medicated when plea was entered. ② Defendant was promised by his attorneys that he would do his sentence in the State Hospital.

    Was there an evidentiary hearing?  No
    Case number of proceeding/s  Denied
    Date/s of court's final order/s or opinion/s  5-14-2003
    Did you appeal the result/s?  No

11. Give the name of each attorney who represented you at the following stages of the proceedings relating to the judgment/s under attack in this motion:
    At plea of guilty or trial _Anthony A. Figliola, Sheryl Rush-Milstead_
    On appeal _None_
    In any postconviction proceeding _None_

12. State every ground on which you claim that your rights were violated. If you fail to set forth all grounds in this motion, you may be barred from raising additional grounds at a later date. You must state facts in support of the ground/s which you claim. For your information, the following is a list of frequently raised grounds for relief (you may also raise grounds that are not listed here): double jeopardy, illegal detention, arrest, or search and seizure; coerced confession or guilty plea; uninformed waiver of the right to counsel, to remain silent, or to speedy trial, denial of the right to confront witnesses, to subpoena witnesses, to testify, to ineffective assistance of counsel, suppression of favorable evidence, or unfulfilled plea agreement.

Ground one: _Ineffective assistance of Counsel_
Supporting Facts: (state facts briefly, without citing cases)
_Counsel failed to interview defendant alibi witnesses_
_Counsel failed to interview Prosecution witnesses_
_Counsel failed to interview Police officers involved in_
_taking defendant statement in his Pretrial identification._
_Counsel failed to interview the victim to asses her version of the facts. over_

Ground two: _____
Supporting Facts: (state facts briefly, without citing cases)

Ground three: _____
Supporting Facts: (state facts briefly, without citing cases)

If any of the grounds listed were not previously raised, state briefly what grounds were not raised, and give your reason/s for not doing so: _The Movant was unaware that his attorney failed to make these investigations._

Wherefore, movant asks this court to grant him all relief to which he may be entitled in this proceeding.
I declare the truth of the above under penalty of perjury.

Date _Nov. 28, 2003_                       _[signature]_
                                            Signature of Movant

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN NEWCASTLE COUNTY FOR MOVANT

STATE OF DELAWARE )
v. )
GERRON M. LINDSEY ) CA. NO: 0002019743
)
)
)
)
)

FILED
PROTHONOTARY
2003 DEC -9 PM 3:50

# MEMORANDUM OF LAW FOR POST-CONVICTION RELIEF

November 28, 2003
DATE SIGNED

MOVANT
GERRON M. LINDSEY
SBI # 326202, UNIT MHU-22
D.C.C. 1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

<u>IN THE SUPERIOR COURT OF THE STATE OF DELAWARE</u>
<u>IN NEWCASTLE COUNTY FOR THE MOVANT</u>

## THE INTEREST OF JUSTICE EXCEPTION:

Has been narrowly defined to require the Movant to show that the Trial Court lacked the authority to Convict or Punish him. — Pursuant to Superior Court Cr. Rule 61 (i)(2).

The repetitive bar does not apply to a claim that the court lacked Jurisdiction or to a Colorable Claim that there is a Miscarriage of Justice because of a Constitutional violation that Undermined the Fundamental Legality, Reliability, Integrity or fairness of the Proceedings leading to the Judgment of Conviction. —
Pursuant to Superior Court Cr. Rule 61 (i)(5).

<u>IN THE SUPERIOR COURT OF THE STATE OF DELAWARE</u>
<u>IN NEWCASTLE COUNTY FOR THE MOVANT</u>

The Movant has just found a Colorable Claim that there is a Miscarriage of Justice because of a Constitutional Violation and is Warranted in The Interest of Justice Which his attorney Mr. Anthony A. Figliola Jr. failed to Properly investigate the Movant Case during his Pretrial. Which Makes him ineffective and in violation of the Movant's Sixth Amendment rights to Effective assistance of Counsel. —       Pursuant to The United States Constitution.

# CASE HISTORY

1. A grand jury indicted Gerron Lindsey in April 2000, charging him with two counts of first degree murder, attempted murder, and related robbery and weapon offenses, based on an alledged February 27, 2000 robbery of a corner store in the 2200 block of Pine Street in Wilmington and the shooting of two owners. On April 9, 2002, as a Superior Court jury was being selected for Gerron Lindsey's trial, he pled guilty, but mentally ill to one count of first degree murder. In exchange, the prosecution would not seek the death penalty and would enter a nolle prosequi as to the remaining counts of the indictment.

2. On April 17, 2002, Lindsey moved withdraw his plea, explaining that because of medication he was taking, he did not understand what he had been doing when pleading guilty. The trial judge on May 22 denied the motion. In June 2002, after a hearing to establish the basis for the entry of the plea of guilty, but mentally ill, the trial judge accepted the plea and sentenced Lindsey to life imprisonment without parole.

3. In August 2002, Lindsey moved for State Post-Conviction relief. Lindsey alledged that the medication he was on affected his decision when he pled guilty. In addition his attorneys misled him, telling him he would serve his sentence at the State hospital instead of prison. Superior Court denied the motion. - see exibit A

# FACTS

1)

On April 10, 2000 Detective Andrew Brock located Ed Rogers in the 2400 Blk. of North Market Street. This officer along with Detective John Hall informed that officers needed to speak with him in reference to an ongoing investigation. Rogers agreed to come with these officers into the Wilmington Police Station and give a statement. During the interview an officer explained to Rogers the exact nature of the investigation. Rogers was also informed that he had been implicated in a murder. The officer then proceeded to ask him if he knew a person by the name of Gerron Lindsey who goes by the nickname of "Black." Rogers stated that he did not know of such person. The officer then showed Rogers several pictures one of which included a picture of Gerron Lindsey and he stated that he did not recognize anyone in the pictures. Rogers also stated that he is employed at the John Havards Brew House located on Route 202 in Wilmington, Delaware. He stated that he works every weekend and he was in fact working on February 27, 2000 the day of incident. Rogers was also willing to take a Polygraph examination, and there were Polygrah examiners available at the time. During the interview Rogers stated that he wish to have a lawyer present during any further questioning. Rogers stated that he would have his lawyer contact the officer in the near future.

On April 18, 2000 an officer responded to the John Harvards Brew

House located at Route 202 and Rocky Run Parkway Wilmington, Delaware. This Officer served the Manager (Kevin Gross) with an Attorney General's Subpoena which requested in Ed Rogers work history and employment application.

On April 20, 2000 Kevin Rogers of the John Harvards BrewHouse contacted an Officer and turned over all the information requested in the subpoena. This officer reviewed the information and learned that Ed Rogers was employed at the Brew House during the month of February 2000. The information revealed that he was not working on Sunday, February 27, 2000 as he stated he was in the Interview.

Officers then attempted to locate Rogers at two known addresses and was unsuccessful. At this point The Wilmington Police closed the investigation.    -See exibit B  Pages: 2,3

The Movant argues that by his attorney failing to Pursue the investigation on this Suspect constitutes ineffective assistance of counsel. When the investigating officers recieved a copy of Ed Rogers work history it established that Rogers had not been truthful in his initial statement to the police. Rogers gave Police officers an alibi of him being at work on the day of the shooting. After Police learned that this statement was not true they made two attemps to locate Rogers and was unsucessful at this point officers closed the investigation. The Movant's attorney had knowledge of the situation and failed to pursue the investigation. Counsel did not investigate apparently because he had

Conclusorily decided that defendant was guilty. It was ineffective for the Movant counsel to advise him to plead guilty before adequately investigating the facts to the case. see: Thomas v. Lockhart, 738 F. 2d 304 (C.A. 8 (Ark.) 1984) Counsel did not provide defendant with reasonably copetent advice by advising him to plead guilty before he conducted a investigation. The Movant argues that would also constitute ineffective assistance of counsel. See- Hawkman v. Parratt, 661 F. 2d 1161 (C.A.8 (Neb.) 1981) The Movant argues that if his counsel would have pursued the investigation on Ed Rogers the fact that he gave officers a false alibi it would had helped the Movant defense and it is possible that if the Movant's counsel would of properly investigated the case the outcome would had been different. The Movant has showed that his attorney performance prejudiced the defense.  see- Strickland, 104 S. Ct. at 2064. See also: Nix v. Whiteside, 475 U.S. 157, 106 S. Ct. 988, 999, 84 L. Ed. 2d 123 (1986)

2) The Movant's next claim is: An alledge witness identified a suspect other then the Movant in the Police line up. This suspect was identified as the person responsible for the shooting. The Movant argues that if his attorney would had investigated this suspect and witness it would of clearly shown misidentifications. By the Movant's counsel failure to investigate constituted ineffective assistance of counsel. see: Harris v. Reed, 894 F. 2d 871. (C.A.7 (Ill.) 1990)   see exibit C Page: 7
The Movant Counsel had a duty to make a reasonable investigation or to make a reasonable decision that makes particular investigations unnecessary. Strickland, 466 U.S. at 691. As a general rule, an attorney must investigate a case in order to provide minimally competent professional representation. Crisp v. Duckworth, 743 F. 2d 580, 583 (7th cir. 1984). The Movant argues that by his attorney lacking in investigations prejudiced the defense. Stevens v. D.C.C. 152 F. Supp. 2d 561 (D. Del 2001)

Also there was a forty five pound difference between the two suspects which showed obvious confusion and inconsistency about height and weight of the suspect. That should had moved a prudent attorney to question wheather the identification of defendant was proper. If counsel had interviewed the prosecution witnesses and investigated the police reports he would have been alerted to the possibility of mistaken identification. The failure to interview prosecution witnesses is a violation of counsel's constitutional duty to render effective assistance. Eldridge v. Atkins, 665 F. 2d 228 (C.A. 8 (MO.) 1981)

- - - - - - - - - - - - - - - - - - - -

3) The next claim by the Movant is that he informed his attorney that he had given the arresting officer a false confession of him taking items from the store. It's obvious that counsel did not investigate the police reports because if he would had did so then not only would he had seen that the defendant made this confession but also he would of learned that the confession was false but also the surviving victim statement would of supported the defendant because the victim clearly stated to officers that nothing was taken from the store. The Movant argues that if Counsel would had filed a motion to suppress he would not of had a robbery first charge. And the movant also argues that by counsel not filing a motion to suppress denied him his right to effective assistance of counsel which is required pursuant to the United States Constitution. Also see: U.S. V. Matos, 905 F. 2d 30 (C.A. 2 (N.Y.) 1990).    See exibit B Page: 4, 9

The next claim the Movant offers is that during his pretrial he provided his attorney with several witnesses. The Movant informed his counsel that two of those witnesses would testify to him being across the street when the shooting took place. The testimony would had helped the defense a great deal. The Movant argues that by his attorney failure to contact and investigate these witnesses denied him a fair trial. Counsel should not had advised the defendant to plead guilty before making these investigations. Thomas v. Lockhart, 738 F. 2d 304 (C.A.8 (Ark.) 1984). The Movant also argues that by his counsel advising him to plead guilty before conducting a reasonable investigation was incompetent advice. Hawkman v. Parratt, 661 F. 2d 1161 (C.A.8 (Neb) 1981) Nealy v. Cabana, 764 F. 2d 1173 (C.A.5 (Miss.) 1985).

4) . . . . . . . . . . . . . . . .

The next claim the Movant offers is counsel had the Supplement report that was prepared by the Wilmington police in the report was several statements by many different witnesses that was conflicting. An alledge witness stated that she held a brief conversation with the suspect minutes before the shooting. She stated that the suspect told her that he was up to no good. The witness stated that this suspect is known to her as "Black". The officers had this witness look at a photographic line-up which included the Movants picture and this witness stated that she did not see the subject known to her as "Black". Another witness stated that he went inside the store to make a purchase he then exited and then heard two gunshots come from inside the store. This witnesses then stated he seen a Blackmale run out of the with a gun in his hand. This witness was brought in to the Wilmington police station to view a live suspect line up. The witness then made an identification of the suspect at position #4 which was not the Movant.

The Movant argues that by his attorney failure to contact and interview these witnesses prejudiced the defense. There was obvious misidentifications and by counsel failures to interview these witnesses denied the movant right to fair trial and constituted in effective assistance of counsel. Pursuant to

the United States Constitution. Also see: Strickland, 466 U.S. at 691. White v. Godinez, 143 F. 3d 1049, 1054 (7th cir. 1998) United States ex rel. Cosey v. Wolff, 727 F. 2d 656, 658 n.3 (7th cir. 1984) Workman v. Tate, 957 F. 2d 1339, 1345 (6th cir 1992) See exibit B. Page: 12

- - - - - - - - - - - - - - - - - - - -

5)

The next Claim the Movant offers is that the surviving victim was interviewed in the hospital several times by Police officers. In the interviews she provided the Police with a discription of the suspect. She was then given a Photograpic line up which included a Picture of Gerron Lindsey. The victim made no identification. The Movant argues that it was ineffective for his counsel not to interview this victim to asses her verision of the facts. Thomas v. Lockhart, 738 F. 2d 304 (C.A. 8 (Ark.) 1984). It was obvious that the victim knew who the shooter was because during a intervrew with Police she gave a description of the suspect. So there was no doubt that the victim knew who her assailant was. Neil v. Bigger, 93 S. Ct. 375, 409 U.S. 188 (U.S. Tenn. 1972). It's obvious that there was a Possibility of mistaken identification if counsel would conducted a Proper investigation he would have been alerted to that. Eldridge v. Atkins, 665 F. 2d 228 (C.A. 8 (MO.) 1981). By counsel failures to investigate Prejudiced the defense and constituted ineffective assistance of counsel. U.S. v. Gray, 878 F. 2d 702 C.A. 3 (Pa.) 1989) Strickland, 466 U.S. at 691.      See exivit B Page: 5

- - - - - - - - - - - - - - - - - - - -

6)

The next Claim the Movant offers is that Police officers put the Movant in a live Police line-up without an attorney being present. The Movant argues that by his attorney failure to suppress the Police line-up constituted ineffective assistance of counsel. It's obvious that counsel had no interest in investigating the Movant's case because he should had been aware that the Movant was put in a line-up without an attorney present. The illegal Police line up violated the Movant Miranda rights, due process and the Movant's counsel violated his United States Constitution right. see, U.S. v. Wade,

87 S. Ct. 1926, 388 (U.S. Tex 1967). Simmons v. United States, 390 U.S. 377, 88 S. Ct 967, 19 L. Ed. 2d 1247 (1968). see exibit c page 7

7) The next claim the Movant offers is that his counsel failed to investigated the officers involved in taking the defendant Pre-trial statement and identification. The Movant argues that the reason his attorney did not conduct an investigation is he relied on the Prosecution attorney's file. The Movant counsel made no effort what so ever to interview or investigate these officers. His Performance fell short of a reasonable attorney what have done. The Movant was denied effective assistance of counsel by his attorney neglecting these investigations. Counsel gathered no information to prepare for a possible trial and he gathered no information to attempt to impeach the officers testismony. It's obvious that the Movant's attorney goal was to get a Plea bargain which was prejudice to the defense and also denied the Movant's right to a fair trial, Therefore it was ineffective for the Movant's attorney to advise him to plead guilty before properly investigating the case. See, Benson v. United States, 552 F. 2d 223, 224 (8th cir.), cert. denied, 434 U.S. 851, 78 S. Ct. 164, 54 L. Ed. 2d 120 (1977). McMann v. Richardson, 397 U.S. 759, 774, 90 S. Ct. 1441, 1450, 25 L. Ed. 2d 763 (1970) The Movant also argues that if his counsel would had conducted an proper investigation the proceedings could had possibly would had been different. See, Strickland, 104 S. Ct. at 2068.

The question of ineffectiveness of counsel is an extremely complex factual determination which in most cases require an evidentiary hearing. See Harris v. State, Del. Supr., 292 A. 2d 291, 292 (1972) Also, Pursuant to the Provision of Rule 61(h), defendant maintains that an evidentiary hearing is appropriate in his case, in order to determine whether his claims satisfy the <u>Strickland</u> standard.

WHEREFORE, for any or all the reasons advanced herein, defendant respectfully prays that his motion for withdrawal of his guilty plea be granted, and/or further relief as may be just

Respectfully Submitted,

*[signature]*

Delaware Correctional Center
Smyrna, Delaware 19977