**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **GERRON LINDSEY**, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civ. Act. No. 05-164-SLR |
| : | |
| **STATE OF DELAWARE**, : | |
| **ATTORNEY GENERAL OF THE** : | |
| **STATE OF DELAWARE**, : | |
| **SUPERINTENDENT OF THE** : | |
| **DEPARTMENT OF CORRECTIONS**, : | |
| **WARDEN OF THE DELAWARE** : | |
| **CORRECTIONAL CENTER**, : | |
| : | |
| Respondents. : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On April 9, 2002 as a Superior Court jury was being selected in his capital murder trial, the petitioner, Gerron Lindsey pled guilty but mentally ill in the Delaware Superior Court to first degree murder. (B22-24).[1] In return for the plea, the State entered a *nolle prosequi* as to other charges of first degree (felony) murder, attempted first degree murder, five counts of possession of a firearm during the commission of a felony, first degree robbery, attempted first degree robbery, and possession of a deadly weapon by a person prohibited. The State also agreed not to seek the death penalty upon entry of the guilty plea. The Superior Court ordered a pre-sentence investigation and an evidentiary hearing to

---

[1]"B" herein refers to the appendix attached to the State's motion to affirm in *Gerron Lindsey v. State*, No. 531, 2002.

establish the foundation for Lindsey's plea of guilty but mentally ill.[2]  Following an evidentiary hearing on June 27, 2002, the court determined that Lindsey had been mentally ill at the time he committed the offense and sentenced Lindsey to a mandatory term of life imprisonment.  Lindsey did not file a direct appeal of the guilty plea or sentence.[3]

The charges against Lindsey stemmed from the robbery of a corner grocery store called the Pine Street Market in Wilmington. *See generally* B1-16.  The store was owned by a married couple, Jayendra and Pravina Modi.  Lindsey, during the course of the robbery, shot both Jayendra and Pravina.  Police interviewed the surviving store owner at the hospital shortly after the robbery and shooting. *Id.*  She told police that throughout the day, a tall black male had been in and out of the store.  The suspect continued to browse until all other costumers had left the store.  The suspect then approached the counter and asked Jayendra for three Dutch's Blunts, which are cigars, and a pack of Newport cigarettes. (B6-7).  He then asked the cost of a whole box of the cigars and began to argue with Jayendra when told the price would be $40.00.  The suspect then pulled out a handgun and fired one time hitting Jayendra in the abdomen.  She fell backward onto a stool but remained conscious.  Jayendra observed her husband attempt to hand the box of cigars to the suspect at which point the bandit shot Pravina who fell to the ground.  Pravina died from the gunshot wound.  Based on witness interviews, police identified Lindsey as the bandit who committed the robbery/murder at the Pine Street market. (B1-16).  And as the jury was being selected for

---

[2]*See generally* DEL. C. ANN. tit. 11, § 408; *Sanders v. State*, 585 A.2d 117, 134 (Del. 1990).

[3]Lindsey could have filed a direct appeal. *See, e.g.*, *Sullivan v. State*, 636 A.2d 931 (Del. 1994).

Lindsey's capital murder trial, he agreed to plead guilty, thus avoiding the possibility of a death sentence. (B22-24).

Lindsey filed an application for state post-conviction relief on August 1, 2002. The Superior Court denied post-conviction relief by order dated August 28, 2002, and the decision was affirmed on appeal. *Lindsey v. State*, No. 531, 2002, 2003 WL 98784 (Del. Jan. 7, 2003). Lindsey filed a second motion for state post-conviction relief on December 9, 2003 which the Superior Court denied by order dated February 24, 2004. The decision was affirmed on appeal. *Lindsey v. State*, No. 65, 2004, 2004 WL 1280468 (Del. June 7, 2004). Lindsey's petition is stamped as filed with the Clerk on March 18, 2005, and a page titled "verification" indicates that the petition was signed by Lindsey on February 22, 2005.

<u>Discussion</u>

In the petition and an accompanying memorandum, Lindsey through counsel claims that he received ineffective assistance of counsel during the guilty plea process because his two attorneys did not investigate exculpatory evidence or the "holes and inconsistencies" in the prosecution's case. D.I. 1; D.I. 2; D.I. 2 at 11. Lindsey's petition should be dismissed under the one-year limitations period of 28 U.S.C. § 2244(d)(1). Under § 2244(d), federal habeas petitions filed by state prisoners must generally be filed within one year of the date on which the state court judgment became final upon the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A); *Calderon v. Ashmus*, 523 U.S. 740, 742-43 (1998). Here, Lindsey was sentenced on June 27, 2002 and he had a right to file a direct appeal from the judgment of conviction. State law, however, required him to file a notice of appeal within 30 days after his sentence was imposed. DEL. C. ANN. tit. 10, § 147; DEL. SUPR. CT. R. 6(a)(ii). Because

Lindsey was required to file a timely notice of appeal, his judgment of conviction became final within the meaning of § 2244(d)(1) on July 27, 2002 or the date of "the expiration of the time for seeking [direct] review." *Woods v. Kearney,* 215 F. Supp. 2d 458, 460 (D. Del. 2002) (citing *Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001); *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999)). Lindsey's petition, even when deemed filed on the earliest date indicated in the petition or February 22, 2005,[4] is therefore untimely under the terms of §2244(d) and must be dismissed. *See*, *e.g.*, *Woods*, 215 F. Supp. 2d at 460.

In turn, the tolling mechanism of § 2244(d)(2) does not save Lindsey's federal habeas action from the limitations period. If applicable, § 2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state post-conviction action is pending in the state courts. Lindsey filed an application for state post-conviction relief on August 1, 2002, at which point only 4 days had passed on the limitations period. The clock was tolled from August 1, 2002, when Lindsey filed his first motion for state post-conviction relief, until January 7, 2003, when the state supreme court decided Lindsey's post-conviction appeal. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001) (recognizing that, unlike § 2244(d)(1), the tolling provision of § 2244(d)(2) does not contemplate the 90-day period for seeking a writ of *certiorari*); *Swartz v. Meyers*, 204 F.3d 417, 421-22 & n. 5 (3d Cir. 2000); *Lovasz v. Vaughn*, 134 F.3d 146, 149 (3d Cir. 1998). The

---

[4]Absent proof of mailing, the Court has indicated that it will apply in the case of *pro se* petitioners a mailbox rule and treat the date listed on the petition as the filing date. *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002). Here, that rule is arguably inapplicable, Lindsey being represented by counsel. However, for the purposes of calculating the limitations period and analogous to a case involving a *pro se* petitioner, the respondents will refer to the earlier date of February 22, 2005 as the presumptive filing date.

clock again ran from January 7, 2003 until December 9, 2003 when Lindsey filed the second state post-conviction application.[5]  Between January 7, 2003 and December 9, 2003, an additional period of eight months and two days elapsed on the limitations period.  The clock was tolled again from December 9, 2003 until June 7, 2004 when the state supreme court decided Lindsey's second post-conviction appeal.  Using the earliest date indicated in the petition, i.e., the signature page dated February 22, 2005, an additional period of 8 months and 15 days ran on the limitations clock.  In sum, an aggregate period of at least 16 months and 21 days elapsed to which the tolling provision of § 2244(d)(2) did not apply.  Because Lindsey's petition is filed well beyond the one-year period allowed by § 2244(d)(1), it follows that the petition is untimely under § 2244(d), and the petition should be dismissed as untimely.

Finally, the one-year limitations period in Lindsey's case is not subject to equitable tolling.  *See*, *e.g.*, *Downes v. Carroll*, 348 F. Supp. 2d 296, 302 (D. Del. 2004); *Woods*, 215 F. Supp. 2d  at 462-63.  Lindsey has not articulated any extraordinary circumstances that prevented him from filing his petition with the Court in a timely manner.  As evidenced by the proceedings in the state courts, Lindsey was capable of formulating issues and preparing documents for submission to the courts.  Lindsey litigated two state post-conviction proceedings *pro se* which included appeals in each case to the state supreme court.  Under the equitable tolling doctrine, Lindsey would bear the burden of demonstrating 1) that he has

---

[5] Under § 2244(d)(2), a properly filed state-post conviction proceeding tolls the running of the limitations period, but the filing of a state post-conviction action does not operate to revive the limitations period. *See, e.g.*, *Woods*, 215 F. Supp. 2d at 461-62.  Thus, the state post-conviction filing did not restart the one-year limitations period. *See Downes v. Carroll*, 348 F. Supp. 2d 296, 302 (D. Del. 2004).

pursued his rights diligently; and 2) that some extraordinary circumstance prevented him from asserting his rights. *See Woods*, 215 F. Supp. 2d at 462. Lindsey has not demonstrated either circumstance, and the petition is time barred under § 2244(d).

## Conclusion

Based upon the Superior Court docket sheet, it appears that the transcripts of Lindsey's preliminary hearing, office conferences of May 2 & 8, 2000, and plea colloquy have been prepared. In the event that the Court directs production of any transcript, the respondent cannot state with specificity when the transcript could be produced, but reasonably expect that production would take 90 days from the issuance of any order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/
Thomas E. Brown
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID 3278
*ThomasE.Brown@state.de.us*

Date: May 6, 2005

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of this Court, hereby certifies that on May 5, 2005 he caused to be electronically filed the attached document (Answer) with the Clerk of the Court using CM/ECF. I hereby certify that on May 5, 2005 I have also caused to be mailed by first class U.S. Mail two copies of the document to the following non-registered participants, counsel for the petitioner:

    Michael J. Goodrick, Esquire
    18 B Trolley Square
    Wilmington, DE 19806

and

    Epstein and Gilberti, LLC
    21 East Front Street, Suite 210
    Red Bank, New Jersey 07701.


/s/_____
Thomas E. Brown
Deputy Attorney General
Del. Dept. of Justice

Counsel for Respondent

Date: May 5, 2005