MICHAEL J. GOODRICK, ESQ.
18 B Trolley Square
Wilmington, Delaware 19806
Delaware State Bar ID No. 170
(302) 778-5360

EPSTEIN & GILBERTI, LLC
21 East Front Street, Suite 210
Red Bank, New Jersey 07701
(732) 212-0400
Attorneys for petitioner Gerron Lindsey

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **GERRON LINDSEY,** | Docket No. Civ. Act. No. 05-164-SLR |
| Petitioner. | |
| v. | |
| **STATE OF DELAWARE, ATTORNEY GENERAL, SUPERINTENDENT OF THE DEPARTMENT OF CORRECTIONS AND THE WARDEN DELAWARE CORRECTIONAL CENTER,** | |
| Respondents. | |

**MOTION TO FILE REPLY TO STATE'S ANSWER TO PETITION AND
PETITIONER'S REPLY TO STATE'S ANSWER**

1

**PRELIMINARY STATEMENT**

In response to Gerron Lindsey's petition, the State has not responded to the merits. Instead, based upon a partial viewing of the State proceedings, it has asserted that Mr. Lindsey's claims are time-barred. However, the record in this case is not as clear as the State would have the Court believe. In fact, the certified docket sheet, Exhibit A to Mr. Lindsey's petition, demonstrates that, since even before the date of his sentencing, Mr. Lindsey has been working *pro se* to withdraw his guilty plea, obtain transcripts and have a court review the facts and circumstances regarding his case. For the reasons set forth in this motion and reply, the Court should accept this reply and review the merits of Mr. Lindsey's Petition.

**STATEMENT OF FACTS**[1]

As noted in Mr. Lindsey's Petition, on February 29, 2000, the police arrested and charged him, and on June 27, 2002, the Court sentenced him on his plea of guilty. [Petition, Exhibit A, page 8] His time for direct appeal expired on July 27, 2002.

On August 1, 2002, he filed his first *pro se* petition for post conviction relief. [Ex. A, p. 8] On August 28, 2002, the Superior Court of Delaware denied it without an evidentiary hearing. [Ex. A, p. 9] On September 19, 2002, Mr. Lindsey filed a *pro se* notice of appeal. [Ex. A, p. 9] On January 30, 2003, the Supreme Court of Delaware filed its mandate, affirming the denial of his motion for post-conviction relief.[2]

---

[1] All of the facts in this section are found in the docket entries attached to the Petition as Exhibit A and in the exhibits attached to the Declaration of Michael V. Gilberti supporting this motion and reply.

[2] According to the certified docket, on **January 30, 2003**, the Supreme Court filed its mandate, affirming the denial of his motion for post-conviction relief. [Ex. A, p. 9] On that date, the affirmance became effective, and until that date, Mr. Lindsey could take

2

While his appeal was pending, on January 8, 2003, Mr. Lindsey filed a motion for transcripts with the Superior Court. [Ex. A, p. 9] This motion remained pending until April 22, 2003, when the Superior Court finally denied it, three months after the Supreme Court affirmed. [Ex. A, p. 9]

On May 14, 2003, Mr. Lindsey again filed a *pro se* motion to compel the production of transcripts. [Ex. A, p. 10] On July 18, 2003, the Superior Court finally denied that motion. [Ex. A, p. 10]

Also some time before June 18, 2003, Mr. Lindsey had engaged counsel, Nancy Jane Perillo, Esquire, to represent him on a motion for post conviction relief. [Dcl. Ex. J] Apparently, Ms. Perillo was unable to prepare and file this motion. On February 17, 2004, Kevin J. O'Connell, Esquire, advised Mr. Lindsey that, on January 27, 2003, Ms. Perillo had passed away. [Dcl. Ex. K]

On December 9, 2003, apparently out of frustration with the fact that his counsel had not filed any papers, Mr. Lindsey filed a second *pro se* motion for post conviction relief. [Ex. A, p. 10] On February 6, 2004, the Superior Court denied the motion [Ex. A, p. 10], and on February 20, 2004, he filed a *pro se* notice of appeal. [Dcl. Ex. L]

While his appeal was pending, on March 3, 2004, he filed a *pro se* motion for transcript in the Superior Court, which the court denied on April 5, 2004. [Ex. A, p. 10]

On June 24, 2004, the Supreme Court filed the mandate, affirming the denial of post-conviction relief. [Ex. A, p. 11]

Mr. Lindsey filed this petition on February 22. 2005.

---

no further action. The State's Answer (at page 4) ignores this fact and sets the date at January 7, 2003. Accordingly, the State's calculation starts off being wrong by 23 days.

3

**DISCUSSION**

**I.  BECAUSE MR. LINDSEY HAS BEEN DILIGENTLY ATTEMPTING TO OBTAIN REVIEW OF HIS CONVICTION AND CIRCUMSTANCES BEYOND HIS CONTROL HAVE INTERVENED, HIS PETITION IS TIMELY AND THE COURT SHOULD REVIEW THE <u>HIS CLAIMS OF CONSTITUTIONAL DEPRIVATIONS.</u>**

The State argues that, by the time Mr. Lindsey filed his petition, at least 16 months and 21 days had elapsed, making his petition late by at least 4 months and 21 days. However, based upon the applicable legal principles, including the application of equitable tolling, the Court should find that Mr. Lindsey's petition is timely, and review the merits of his claims of constitutional violations.

**A.  Applicable Legal Principles.**

As the State points out, the applicable provision is 28 U.S.C. § 2244(d)(1), which states that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the application of direct review or the expiration of the time for seeking review . . . .

Section 2244(d)(2) excludes certain time from calculation and states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In addition, under appropriate circumstances, a petitioner may be entitled to "equitable tolling" of the limitation period. *See* ***Pace v. DiGuglielmo***,   U.S.   , 125 S. Ct. 1807, 1814 & n.8 (2005). To take advantage of equitable tolling, the petitioner "bears

4

the burden of establishing two elements: (1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See, e.g.,* **Irwin v. Department of Veteran Affairs**, 498 U.S. 89, 96 [](1990)." *Id.*

For example, the Third Circuit has upheld the application of equitable estoppel because of the death of petitioner's attorney. **Brinkely v. Gillis**, 2003 U.S. Dist. LEXIS 23834 *9 (E.D. Pa. 2003), *citing* **Doherty v. Teamsters Pension Trust Fund**, 16 F.3d 1286 (3d Cir. 1994). *See also* **Nara v. Frank**, 264 F.3d 310, 320 (3d Cir. 2001)(hearing granted to determine application of equitable tolling where petitioner claimed that attorney prevented him from moving case forward).

**B.  Equitable Tolling is Appropriate in This Case.**

In this case, it is clear that, almost continuously since his sentencing, Mr. Lindsey has been actively attempting to litigate the validity of his conviction.  During that time, he has filed two post-conviction hearing motions and has filed at least three motions for transcripts, which the Delaware courts have denied.  The court's denials of his motions for transcripts are significant because they have placed obstacles in the path of Mr. Lindsey's *pro se* efforts to fully and fairly litigate his case.  As a result, this Court should correct one error in the State's calculation and, under the principle of equitable tolling, exclude from calculation three other periods of time.

First, as noted above, the State incorrectly sets the date of the affirmance of the denial of Mr. Lindsey's first motion for post-conviction relief as January 7, 2003, instead of January 30, 2003, the actual date the mandate issue.  [*Compare* State's Answer, p. 4, with Ex. A, p. 9]  This reduces the period under the State's calculation to 16 months and

21 days [State's Ans., p. 5] to 15 months and 28 days, or 3 months and 28 days beyond the 1 year deadline.

Second, the Court should exclude 2 months and 22 days between the Supreme Court's affirmance of the denial of his first motion for post-conviction relief on January 31, 2002 to the Superior Court's denial of his motion for transcripts on April 22, 2002 (January 31, February 1-28, March 1-31 and April 1-22, 2003). He filed his first *pro se* motion for post-conviction relief on August 1, 2002 and timely filed his notice of appeal on September 19, 2002. [Ex. A, p. 9] While his appeal was pending, on January 8, 2003, he filed a motion for transcripts with the Superior Court, which was ultimately denied on April 22, 2003. [Ex. A, p. 9]

Second, less than a month later, on May 14, 2003, Mr. Lindsey again filed a *pro se* motion to compel the production of transcripts. [Ex. A, p. 10] And once again, on July 18, 2003, the Superior Court finally denied that motion. [Ex. A, p. 10] Because this action again shows that Mr. Lindsey was pursuing his rights and the court was impeding his ability to proceed, this Court should exclude from calculation the 2 months and 5 days (May 15-31, June 1-30, and July 1-18, 2003) to resolve this motion.

Finally, the Court should also exclude a portion of the time from June 18, 2003 until December 9, 2003, during which Mr. Lindsey had retained counsel, Nancy Jane Perillo, Esquire, to represent him on a motion for post conviction relief and Ms. Perillo was unable to adequately represent him. [Dcl. Exs. J and K] The fact that she passed away in January 2004, perhaps provides some explanation for her inability to advance Mr. Lindsey's case.

6

In any event, by correcting the State's error and just excluding the time during Mr. Lindsey was actively litigating his case and his motions were pending (4 months and 27 days), Mr. Liindsey's petition is well within the 12 month limit. Excluding any time during which his counsel was unable to assist him only adds to its timeliness.

## CONCLUSION

Because Mr. Lindsey has been actively litigating his case and the Delaware courts and his attorney are responsible in part for any delay, the Court should grant Mr. Lindsey's motion to reply to the State's opposition; reject the State's claim that Mr. Lindsey's petition is time-barred; and review the merits of the issues contained in his petition.

.                                            Respectfully submitted,


/s/_____
        MICHAEL J. GOODRICK


/s/_____
        MICHAEL V. GILBERTI


Dated: June 21, 2005