IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GERRON LINDSEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-164-SLR |
| | ) | |
| THOMAS CARROLL, | ) | |
| Warden, | ) | |
| and CARL C. DANBERG, | ) | |
| Attorney General for | ) | |
| the State of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

Michael J. Goodrick, Esquire, and Michael V. Gilberti, Esquire.
Counsel for petitioner.

Thomas E. Brown, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware.  Counsel for respondents.

**MEMORANDUM OPINION**

Dated: March 2+, 2006
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

Currently before the court is petitioner Gerron Lindsey's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1) He is currently incarcerated in the Delaware Correctional Center in Smyrna, Delaware. For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In February 2000, petitioner shot the two owners of a corner grocery store located in Wilmington, Delaware during the course of a robbery. Only one owner survived. A grand jury indictment charged petitioner with two counts of murder in the first degree, one count of attempted first degree murder, five counts of possession of a firearm during the commission of a felony, one count of robbery in the first degree, one count of attempted robbery in the first degree, and two counts of possession of a deadly weapon by a person prohibited. (D.I. 1, Exh. B)

On April 9, 2002, as a Superior Court jury was being selected in his capital murder trial, petitioner decided to plead guilty but mentally ill to first degree murder. In return for the plea, the State agreed to enter a nolle prosequi for all the

1

remaining charges.  The State also agreed not to seek the death penalty upon entry of the guilty plea.  (D.I. 1, Exh. H)   The Superior Court ordered a pre-sentence report to establish the foundation for petitioner's plea of guilty but mentally ill.

Soon thereafter, petitioner filed a motion to withdraw his guilty plea, contending that the plea was involuntary because he was on medication at the time it was entered.  See Lindsey v. State, 813 A. 1140 (Table), 2003 WL 98784, **1 (Del. Jan. 7, 2003).  The Superior Court denied the motion in May 2002.  Id.

On June 27, 2002, after holding an evidentiary hearing determining that petitioner had been mentally ill at the time he committed the offense, the Superior Court sentenced petitioner to a mandatory term of life imprisonment.  He did not file a direct appeal.

On August 1, 2002, petitioner filed in the Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging that counsel provided ineffective assistance during the plea process.  State v. Lindsey, 2002 WL 31111883, *1 (Del. Super. Ct. Aug. 28, 2002). The Superior Court denied the motion on August 28, 2002, and the Delaware Supreme Court affirmed that decision in January 2003. Lindsey, 2003 WL 98784, at **2.  Lindsey filed a second Rule 61 motion on December 9, 2003, once again asserting his claim that counsel provided ineffective assistance during the plea process.

2

(D.I. 1, Exh. J)   The Superior Court denied the motion, and the
Delaware Supreme Court affirmed the Superior Court's denial of
the second Rule 61 motion on June 7, 2004.   Lindsey v. State,
2004 WL 1280468 (Del. June 7, 2004).

Petitioner's pending federal habeas application was signed
on February 22, 2005, and filed with the clerk on March 18, 2005.
The application asserts one ineffective assistance of counsel
claim.   (D.I. 1)   Petitioner is represented by counsel.

In its answer, the State asks the court to dismiss
petitioner's § 2254 application as untimely.   (D.I. 8)
Petitioner filed a response, arguing that the petition should be
deemed timely under the doctrine of equitable tolling.   (D.I. 11)

## III.  DISCUSSION

### A.  One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA") was signed into law by the President on April 23, 1996,
and it prescribes a one-year period of limitations for the filing
of habeas petitions by state prisoners.   28 U.S.C. § 2244(d)(1).
The one-year limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the
conclusion of direct review or the expiration of the time
for seeking such review;

(B) the date on which the impediment to filing an
application created by State action in violation of the
Constitution or laws of the United States is removed, if the
applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was

3

initially recognized by the Supreme Court, if the right has
been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the
exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated February 22, 2005, is
subject to the one-year limitations period contained in §
2244(d)(1).  See Lindh v. Murphy, 521 U.S. 320, 336 (1997).  He
does not allege, nor can the court discern, any facts triggering
the application of §§ 2244(d)(1)(B),(C), or (D).  Accordingly,
the one-year period of limitations began to run when petitioner's
conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not
appeal a state court judgment, the judgment of conviction becomes
final, and the one-year period begins to run, upon expiration of
the time period allowed for seeking direct review.  See Kapral v.
United States, 166 F.3d 565, 575, 578 (3d Cir. 1999);  Jones v.
Morton, 195 F.3d 153, 158 (3d Cir. 1999).  Here, the Delaware
Superior Court sentenced petitioner on June 27, 2002, and he did
not appeal.  Therefore, petitioner's conviction became final on
July 29, 2002.[1]  See Del. Supr. Ct. R. 6(a)(ii)(establishing a 30
day period for timely filing a notice of appeal).  Accordingly,

---

[1]Because last day of the appeal period actually fell on
Saturday, July 27, 2002, the appeal period extends through
Monday, July 29, 2002.  Del. Supr. Ct. R. 11(a).

4

to comply with the one-year limitations period, petitioner had to file his § 2254 application by July 29, 2003. See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner filed his habeas application on February 22, 2005,[2] approximately one and one-half years after the expiration of the limitations period. Therefore, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The court will discuss each doctrine in turn.

_____

[2]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); Woods v. Kearney, 215 F.Supp.2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing, and thus, of filing). Other circuits have held that the prison mailbox rule does not apply when a prisoner is represented by counsel. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003); Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir. 2002); Rutledge v. United States, 230 F.3d 1041, 1052 (7th Cir. 2000). The Third Circuit has not expressly addressed this issue in a published opinion. See Harris v. Vaughn, 129 Fed. Appx. 684, 689 n. 12 (3d Cir. 2005)(noting that the Fifth Circuit's prison mailbox rule remains viable with respect to pro se litigants, even though that circuit has held that the mailbox rule does not apply to prisoners represented by counsel). In the instant situation, petitioner's application is untimely even with the benefit of the prison mailbox rule. Consequently, the court will apply the prison mailbox rule and adopts the date contained in the application as the date of filing: February 22, 2005.

5

## B. Statutory Tolling

Section 2244(d)(2) of AEDPA specifically permits the
statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State
> post-conviction or other collateral review with respect to
> the pertinent judgment or claim is pending should not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d)(2). A properly filed state post-conviction
motion tolls AEDPA's limitations period during the time the
action is pending in the state courts, including any post-
conviction appeals. Swartz v. Meyers, 204 F.3d 417, 424-25 (3d
Cir. 2000). "An application is properly filed when its delivery
and acceptance are in compliance with the applicable laws and
rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8
(2000).

Petitioner filed his first Rule 61 motion on August 1, 2002,
after three days of the limitations period had expired. The
Superior Court denied the motion, and the Delaware Supreme Court
affirmed that decision on January 7, 2003. The State contends
that the Rule 61 motion statutorily tolls the period from August
1, 2002 through January 7, 2003. However, the Delaware Supreme
Court issued a mandate to the Superior Court dated January 23,
2003, and the Superior Court filed the mandate on January 30,
2003. Petitioner contends that the limitations period should
therefore be tolled through January 30, 2003. (D.I. 11, at 5)

6

There is authority to the effect that a state post-conviction proceeding is pending for the purposes of § 2244(d)(2) until the date on which the court of appeals issues a mandate, provided that the state courts view the issuance of an appellate mandate as determining the date of finality, as opposed to the issuance of an appellate decision.  See, e.g., Payne v. Kemna, - F.3d -, 2006 WL 668227, at *1-2 (8th Cir. Mar. 17, 2006);  Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000).  As further explained herein, petitioner's application is time-barred by more than the sixteen day difference at issue.  Therefore, the court accepts January 23, 2003 as the date on which the first Rule 61 motion finished pending for statutory tolling purposes.[3]

The limitations clock started again on January 24, 2003, and continued to run until December 9, 2003, the date on which petitioner filed his second Rule 61 motion.  At that point, a total of 323 days had expired on the limitations period.

The second Rule 61 motion tolled the limitations period from December 9, 2003 until June 7, 2004, the day on which the Delaware Supreme Court denied the motion.  The limitations period started again on June 8, 2004, and continued to run without interruption until it expired on July 19, 2004.

Thus, even with statutory tolling, petitioner filed his

---

[3]The court expressly limits its adoption of the instant interpretation of "pending" to petitioner's situation.

7

petition approximately seven months too late.[4]

## C. Equitable Tolling

It is well-settled that a federal court may, in its

discretion, equitably toll AEDPA's limitations period. Miller v.

New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir.

1998); United States v. Midgley, 142 F.3d 174, 179 (3d Cir.

1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov.

28, 2001). Courts are to "sparingly" apply equitable tolling,

and "only in the rare situation where equitable tolling is

demanded by sound legal principles as well as the interests of

---

[4]The record indicates that the Superior Court sent a notice
of non-compliance to petitioner on August 4, 2003 regarding an
unsigned Rule 61 motion.  (D.I. 10, Super. Ct. Crim. Dkt. for
State v. Lindsey, No. IN00-08-2081R1, D.I. 81) However, there is
no corresponding docket entry indicating that a Rule 61 motion
was filed on or near that date.  If, perchance, petitioner did
attempt to file a second Rule 61 motion on August 4, 2003, the
fact that the Superior Court refused to accept the motion for
non-compliance with the requirements of Rule 61 leads the court
to conclude that the motion would not constitute a properly filed
post-conviction motion for statutory tolling purposes under §
2244(d)(2).  See Artuz, 531 U.S. at 8; Satterfield v. Johnson,
434 F.3d 185, 194-95 (3d Cir. 2006)(holding that a state post-
conviction motion improperly filed under state law for reasons
other than untimeliness does not statutorily toll the limitations
period under § 2244(d)(2)).  Furthermore, even assuming that a
non-compliant Rule 61 motion filed on August 4, 2003 could
constitute a properly filed post-conviction motion for statutory
tolling purposes, the additional time period tolled during its
pendency would not render petitioner's habeas application timely.
For example, adding the time period from August 4, 2003 to
December 9, 2003 would toll the limitations period an additional
127 days.  When the limitations started again on June 8, 2004, a
total of 196 days would have expired.  Therefore, petitioner
would have had to file his application by December 20, 2004.  His
filing date of February 22, 2005 would still be too late.

8

justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)
(quoting Midgley, 142 F.3d at 179).

In order to trigger equitable tolling, the petitioner must
demonstrate that he "exercised reasonable diligence in
investigating and bringing [the] claims" and that he was
prevented from asserting his rights in some extraordinary way;
mere excusable neglect is insufficient. Miller, 145 F.3d at 618-
19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d
Cir. 2004). Consistent with these principles, the Third Circuit
has specifically limited equitable tolling of AEDPA's limitations
period to the following circumstances:

   (1) where the defendant actively misled the plaintiff;
   (2) where the plaintiff was in some extraordinary way
   prevented from asserting his rights; or
   (3) where the plaintiff timely asserted his rights
   mistakenly in the wrong forum.

Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Petitioner contends that equitable tolling is warranted
because he diligently pursued his claims, as evidenced by the
fact that he filed two pro se motions for state post-conviction
relief and he appealed the Superior Court decisions denying those
motions. Although petitioner did diligently exhaust state
remedies by pursuing his claims in the Delaware state courts, the
court concludes that he did not exercise due diligence in filing
a timely habeas petition. When the Delaware Supreme Court
affirmed the denial of petitioner's second Rule 61 motion in June

9

2004, petitioner still had fifty days to timely file his federal habeas application. Petitioner, however, waited almost eight full months before filing the instant application in February 2005. Petitioner has not alleged, and the court cannot discern, that any extraordinary circumstance prevented him from timely filing an application during the fifty day period following the Delaware Supreme Court's denial of his second Rule 61 motion. To the extent petitioner, or his counsel, made a mistake or miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002).

However, petitioner argues that the time period from June 18, 2003 through December 9, 2003 should be equitably tolled because an attorney, Ms. Nancy Perillo, Esquire, failed to file a second Rule 61 motion between June 18, 2003 and December 9, 2003, the day on which he finally filed a pro se Rule 61 motion. In essence, petitioner is arguing that Ms. Perillo's failure to file the second Rule 61 motion constitutes an extraordinary circumstance sufficient to equitably toll the limitations period for that 174 day time-frame.

The court rejects petitioner's argument. As an initial matter, the record does not clearly demonstrate that Ms. Perillo was actually representing petitioner. For example, a letter from

10

Ms. Perillo to petitioner, dated June 18, 2003, states:

I'm writing in response to your June 2nd letter. I'm sorry I haven't been in touch with you or Christine in quite awhile . . . I had an emergency filing in Jeff's case to which I had to give priority this month. I will call Christine this week, however, and start working on your case as soon thereafter as I can.

(D.I. 11, Exh. K) A letter sent to petitioner from another attorney after Ms. Perillo's death supports the court's conclusion that Ms. Perillo had not been retained to represent petitioner:

I regret to inform you that Nan Perillo passed away on January 27, 2004 . . . I have been going through some of her legal materials and noted a number of letters from you seeking representation. Obviously, you should seek other counsel to represent you on any matters you wish to pursue.

(D.I. 11, Exh. L)

Additionally, although an attorney's egregious conduct may warrant equitable tolling, such tolling is only appropriate if the attorney affirmatively misrepresents that she will file a complaint, the petitioner demonstrates extreme diligence in pursuing the claim, and the respondent will not be prejudiced by the application of the equitable tolling doctrine. Schlueter v. Varner, 384 F.3d 69, 76-78 (3d Cir. 2004). Here, Ms. Perillo's letter does not contain any affirmative statement to the effect that she was going to file a Rule 61 motion, and petitioner has not demonstrated that he took affirmative steps to ascertain whether Ms. Perillo filed the Rule 61 motion. Therefore, Ms. Perillo's alleged "failure" to file a second Rule 61 motion does

11

not constitute an extraordinary circumstance warranting equitable tolling. See Schlueter, 384 F.3d at 76-78; LaCava v. Kyler, 398 F.3d 271, 278 (3d Cir. 2005).

Finally, petitioner contends that the state court's denial of the three motions for transcripts he filed constitute an extraordinary circumstance because the denials "placed obstacles in the path of Mr. Lindsey's pro se efforts to fully and failry litigate his case." (D.I. 11, at 5)  The court fails to see how the Superior Court's denial of petitioner's motions for transcripts prevented him from timely filing a basic habeas petition.  Thus, the state court's denials of the motions do not constitute extraordinary circumstances for the purposes of equitable tolling.

The court concludes that the application of the equitable tolling doctrine is not warranted in this case.  Accordingly, the court will dismiss petitioner's habeas application as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability.  See Third Circuit Local Appellate Rule 22.2.  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists

12

would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The court finds that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

13