APS-357                                                                                                  September 28, 2006

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

C.A. No. **06-2498**

GERRON LINDSEY

    VS.

STATE OF DELAWARE, ET AL.

    (D. DEL. CIV. NO. 05-CV-00164)

Present:    SLOVITER, McKEE and FISHER, <u>CIRCUIT JUDGES</u>

    Submitted is Appellant's request for a certificate of appealability under 28 U.S.C. § 2253(c)(1);

    in the above-captioned case.

    Respectfully,

    Clerk

MMW/RL/cmd

**ORDER**

    The foregoing application for a certificate of appealability is denied. For essentially the reasons explained by the District Court, Lindsey has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Lindsey was not entitled to equitable tolling for the time his motions for transcripts were pending in the state courts, see <u>Donovan v. Maine</u>, 276 F.3d 87 (1st Cir. 2002); <u>Lloyd v. Van Natta</u>, 296 F.3d 630 (7th Cir. 2002); <u>Gassler v. Bruton</u>, 255 F.3d 492 (8th Cir. 2001), or for an attorney's failure to file a second PCR motion. See <u>Schlueter v. Varner</u>, 384 F.3d 69, 76-77 (3d Cir. 2004); <u>Brown v. Shannon</u>, 322 F.3d 768, 774 (3d Cir. 2003). Moreover, Lindsey waited more than eight months after his second PCR motion ceased to be pending to file his § 2254 petition. See <u>Satterfield v. Johnson</u>, 434 F.3d 185, 196 (3d Cir. 2006) ("Following dismissal of his PCRA petition, he waited more than eight months to file his habeas petition in federal court. Such a delay demonstrates that Satterfield did not diligently pursue available routes to collateral relief.").

    By the Court,

    */s/ D. Michael Fisher*
    Circuit Judge

Dated: October 12, 2006
CMD/cc:  Michael V. Gilberti, Jr., Esq.
        Loren C. Meyers, Esq.