IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERRON LINDSEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civ. No. 05-164-SLR ) |
| PERRY PHELPS, Warden, et al., | ) ) ) ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington this 10th day of February, 2011, having reviewed the above captioned case;

IT IS ORDERED that petitioner Gerron Lindsey's ("petitioner") motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(1), (4), (5), and (6) (D.I. 30) is **DENIED**, for the reasons that follow:

**1. Background.** On March 24, 2006, the court denied petitioner's § 2254 application as time-barred. (D.I. 16; D.I. 17) Petitioner filed a notice of appeal and requested a certificate of appealability. (D.I. 22) The Court of Appeals for the Third Circuit denied the certificate of appealability and terminated the appeal on October 12, 2006. (D.I. 29)

2. Petitioner filed the instant Rule 60(b) motion for reconsideration on May 24, 2010, alleging that "new information" previously unavailable to the court now demonstrates two reasons for equitably tolling the limitations period. First, he contends that additional letters from Ms. Perillo definitively demonstrate that she represented him from February 2003 through June 2003, and that he relied on her to file his second

Rule 61 motion. He implicitly asserts that she did not file the second Rule 61 motion because she died, and that at least five months of AEDPA's limitations period should therefore be equitably tolled.[1] Second, he contends that the limitations period should be equitably tolled from September 2004 to January 2005, because he was housed in the prison infirmary on a suicide watch during this five month period and did not have access to his legal materials.

**3. Standard of Review.** Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

4. A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). Motions filed pursuant to Rule 60(b)(1), (2), and (3) must be filed no more than a year after entry of the judgment. Fed. R. Civ. P. 60(c)(1). In turn, Rule 60(c)(1)

---

[1] Petitioner attempted to trigger equitable tolling on the basis of Ms. Perillo's representation during the court's original review of his application, but he requested tolling for the seven month period extending from June 2003 through December 2003. The court rejected that argument and now, curiously, petitioner merely asserts the same argument as a basis for equitably tolling the five month period from February 2003 through June 2003. (D.I. 30 at 8)

2

requires motions under Rule 60(b)(4), (5), and (6) to be filed within a "reasonable time," although the Third Circuit has held that a Rule 60(b)(4) motion is not subject to the "reasonable time" requirement. *United States v. One Toshiba Color Television*, 213 F.3d 147, 157-58 (3d Cir. 2000)(en banc).

5. Determining whether a motion under Rule 60(b) (5) and (6) was made within a "reasonable time" depends upon the circumstances of each case. *Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959). In making this determination, a court considers the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties in determining reasonableness. *Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988)(citing *Kagan v. Caterpillar Tractor*, 795 F.2d 601, 610 (7th Cir. 1986). A court may grant a Rule 60(b) motion only in extraordinary circumstances,[2] and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

6. Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied the petitioner's federal habeas application, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured

---

[2]*Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

3

and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

**7. Discussion.** As an initial matter, the court concludes that the instant motion constitutes a true Rule 60(b) motion because petitioner challenges the court's determination that his application was time-barred.

8. To the extent petitioner is seeking relief under Rule 60(b)(1), the motion is untimely, because petitioner filed it more than four years after the court denied his habeas application. Fed. Civ. P. R. 60(c)(1).

9. To the extent petitioner is asking the court to reopen his case pursuant to Rule 60(b)(4), the request is denied. A judgment is void and subject to relief under Rule 60(b)(4) only if the court that rendered it lacked jurisdiction to do so, or "entered a decree which is not within the powers granted to it by the law." *Marshall v. Bd. of Educ.*, 575 F.2d 417, 422 (3d Cir. 1978). In this case, the court had jurisdiction over petitioner's habeas application pursuant to 28 U.S.C. § 2254 as well as the authority to deny that application. Therefore, relief under Rule 60(b)(4) is unavailable.

10. To the extent petitioner is seeking relief under Rule 60(b) (5) and/or (6), the motion is denied for being filed well beyond the bounds of the "reasonable time" requirement imposed by Rule 60(c)(1). Perhaps in an attempt to address his extended delay in filing the instant Rule 60(b) motion, petitioner asserts that he did not obtain the letters he has submitted to support the motion until sometime between June 2005 and March 27, 2006. (D.I. 30 at 8) Nevertheless, this "excuse" fails to explain why

4

petitioner waited approximately four and one-half years after obtaining these letters to file the instant Rule 60(b) motion. Given the absence of a compelling justification for petitioner's delay, the court concludes that the delay is not reasonable under the rule. See Moolenaar, 822 F.2d 1348 (finding Rule 60(b)(6) motion brought almost two years after to be untimely). Therefore, relief under Rule 60(b)(5) and/or (6) is unavailable;

11. And finally, to the extent one may be necessary, the court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2008).

IT IS FURTHER ORDERED that the clerk of the court shall close the case.

UNITED STATES DISTRICT JUDGE